**THE WRIT OF PROHIBITION AND ITS PURPOSE.**

Court of Appeals for Hamilton County.

STATE OF OHIO, ON THE RELATION OF GEORGE T. BERRY, v. WADE
CUSHING, JUDGE OF THE COURT OF COMMON PLEAS,
HAMILTON COUNTY, OHIO.

Decided, March, 1915.

*Writ of Prohibition—Nature of the Remedy—When it May be Invoked
—Does Not Lie Against a Common Pleas Judge About to Take
Jurisdiction of an Appeal from the Municipal Court.*

1. The remedy provided by writ of prohibition is for the purpose of restraining the exercise of unlawful judicial power. Resort may be had to this remedy only when there is some officer or person who is about to exercise judicial or quasi judicial power, which is unauthorized, and will result in injury, and against which action no other adequate remedy exists.

2. But inasmuch as the common pleas court has jurisdiction to entertain an appeal from an order by the municipal court overruling a mo-

tion to dissolve an attachment, a writ of prohibition does not lie against a judge about to exercise such jurisdiction.

*Burch, Peters & Connolly* and *Walter D. Murphy,* for plaintiffs.

*Ralph E. Clark,* contra.

JONES (Oliver B.), J.

This is an action praying for a writ of prohition against one of the judges of the court of common pleas to restrain him from proceeding in a case wherein it is claimed the court of common pleas has no jurisdiction.

In the provision for the court of appeals, made by Section 6, Article IV of the Constitution as amended at the election held September 3, 1912, it was vested, among other powers, with original jurisdiction in prohibition. The Supreme Court is likewise, by Section 2, Article IV of the Constitution as amended, vested with original jurisdiction in prohibition.

It is provided in Section 1475 of the General Code as amended, in cases in the Supreme Court, and in Section 1523 of the General Code as amended, in cases in the court of appeals, that cases in prohibition may be disposed of by the court in advance of their assignment or order on the docket. No provision has been made by statute, by the General Assembly, for actions of prohibition nor, so far as we have been advised, has any other legislation been had with reference thereto.

The office and purpose of a writ of prohibition is well defined and stated in *High's Extraordinary Legal Remedies,* in Section 762, as follows:

"The writ of prohibition may be defined as an extraordinary writ, issuing out of a court of superior jurisdiction and directed to an inferior court, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it is not legally vested. It is an original remedial writ, and is the remedy afforded by the common law to correct encroachments of jurisdiction by inferior courts and is used to keep such courts within the limits and bounds prescribed for them by law. The object of the writ being to restrain subordinate judicial tribunals of every kind from exceeding their jurisdiction, its use in all

proper cases should be upheld and encouraged since it is of vital importance to the due administration of justice that every tribunal vested with judicial functions should be confined strictly to the exercise of those powers with which it has been by law entrusted.''

The appropriate function of the remedy is to restrain the exercise of unauthorized judicial power.

Three conditions are necessary to warrant the granting of the relief:

1.   That the officer or person against whom it is sought is about to exercise judicial or quasi judicial power.

2.   That the exercise of such power is unauthorized by law.

3.   That it will result in injury for which no other adequate remedy exists.   (High, Section 764a.)

This proceeding arises out of a suit in the Municipal Court of Cincinnati wherein George T. Berry, a resident of Kansas City, Missouri, brought suit against Norman R. O'Neal, a resident of Mena, Arkansas, on an account for professional services rendered to himself and his family. Without any service on the defendant, constructive or otherwise, an order of attachment was issued against the John Shillito Company of Cincinnati, which company answered on the same day stating that it had in its possession money ($56.25) owing to the defendant. An entry was made August 17, 1914, ordering the John Shillito Company to pay said amount into court, and the case was continued for the purpose of securing constructive notice upon the non-resident defendant, O'Neal, by publication. On August 28, 1914, the defendant appeared in the municipal court, solely for that purpose and moved to discharge the attachment, which motion was granted only as to 90 per cent. of the amount less $2 for costs of suit. Whereupon the defendant, O'Neal, appearing solely for that purpose, moved to discharge the balance of the money attached and the court overruled said motion. Thereupon the defendant, under Sections 10259 and 10260, General Code, gave notice to the judge of the Municipal Court of Cincinnati that he appealed to the court of common pleas. The

judge, or his clerk, immediately transmitted to the clerk of the Court of Common Pleas of Hamilton County all of the original papers in said case, where it was regularly docketed by the clerk. A motion was then filed by the plaintiff in the common pleas court to dismiss said appeal on the ground that said common pleas court did not have jurisdiction to hear the same. This motion was heard by Wade Cushing, judge of that court and defendant herein, and was overruled, plaintiff excepting. Whereupon plaintiff came to this court praying for a writ of prohibition in this case prohibiting said Wade Cushing as judge of the court of common pleas from proceeding to hear said appeal upon said motion to dissolve the attachment.

It appears, therefore, that the judge against whom the writ of application is sought, has indicated by his refusal to grant the motion to dismiss said appeal, that he is about to exercise judicial power in entertaining such appeal. It is also clear from the consideration of the Cincinnati municipal court act, that his action when taken will not be subject to review and that it therefore might result in injury for which no other adequate remedy than that of prohibition exists. So two of the three conditions necessary to warrant the granting relief as stated above are found to exist—the first and third.

It is therefore necessary to determine whether or not the second condition is also present, that is, whether the exercise of such power is unauthorized by law.

This brings us to the question as to whether there is a writ of appeal under the statutes, in the matter of overruling a motion to dissolve an attachment, from the municipal court to the court of common pleas.

The municipal court, by Section 6 (103 O. L., 280) is given jurisdiction within the limits of the city of Cincinnati:

1. "In all actions and proceedings of which justices of the peace have or may be given jurisdiction."

And by Section 7:

"In all actions or proceedings the municipal court shall have jurisdiction in every ancillary and supplemental proceeding,

before and after judgment, including attachment of person or property, arrest before judgment, interpleader, aid of execution, and the appointment of a receiver, for which authority is now, or may hereafter be conferred upon the court of common pleas, or a judge thereof, or upon justices of the peace.''

The municipal court, therefore, has jurisdiction of such an action as that from which this proceeding arises. Sections 10259 and 10260 are as follows:

''The defendant may make a motion before the justice to dissolve the attachment, or to release the property, money, or credits attached or garnisheed, either or both. If overruled, it can be appealed by the defendant to the court of common pleas, if in session, or to a judge thereof in vacation, by giving notice to that effect to the justice, but no bond shall be required.

''Upon such notice of appeal being given, the justice shall forthwith transmit to the clerk of the court of common pleas all the original papers. Thereupon within three days from such notice of appeal, or upon such further time as may be for good cause allowed, the court or judge shall hear and determine the motion as though it was originally brought in such court. Upon the final hearing the court or judge shall forthwith transmit the judgment with the original papers to the justice of the peace, which judgment must be entered upon his docket as the final determination of the motion. Such attachment, property, moneys and credits shall be disposed of as directed in the judgment.''

Under Section 10259 the judge of the municipal court had jurisdiction of defendant's motion to dissolve the attachment. This motion was overruled, and by the express terms of this section if overruled it can be appealed by the defendant to the court of common pleas.

Section 10260 confers jurisdiction upon the court of common pleas to hear and determine that motion on appeal and provides what action shall be taken.

The office of justice of the peace is not always filled by a lawyer or one learned in the law, and the purpose of these sections was to provide a speedy review of the question of attachment in a court of record. The Cincinnati municipal court act

provides that the judges of that court shall have been admitted to the practice of the law not less than four years before their election. No doubt, if the act providing for the review of this motion to dissolve the attachment were being framed with reference to the municipal court rather than to the justice of the peace court, it would not have been deemed necessary to provide for a review by the court of common pleas. But the act being general in its terms, and providing for a review upon the overruling of the motion, it must be held from its language to apply to a case in a municipal court as well as to one before a justice of the peace.

In the opinion of this court, therefore, Section 10259 authorizes an appeal to the common pleas court, where the motion to dissolve the attachment made before the municipal court has been overruled, and the judge of the court of common pleas in entering such an appeal is in the exercise of judicial power authorized by law.

The application for a writ of prohibition is therefore denied.

Swing, J., and Jones (E. H.), J., concurs.